# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| S. W., a minor, by and through his mother, LYNDSEY WOJCEHOWICZ, Parent and Natural Guardian<br>459 Blue Jay Circle<br>Bellville, Ohio 44813;<br><br>JEFFREY WOJCEHOWICZ, Individually<br>459 Blue Jay Circle<br>Bellville, Ohio 44813; and<br><br>LYNDSEY WOJCEHOWICZ, Individually<br>459 Blue Jay Circle<br>Bellville, Ohio 44813,<br><br>      Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA<br>Serve On: William Barr, U.S. Atty. Gen.<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, D.C. 20530-0001;<br><br>THE UNITED STATES OF AMERICA<br>Serve On: Benjamin C. Glassman,<br>U.S. Attorney for the Southern District of Ohio<br>U.S. Courthouse & Federal Building<br>85 Marconi Blvd., Room 121<br>Columbus, Ohio 43215;<br><br>MEDCENTRAL HEALTH SYSTEM<br>Serve On: Terri W. Meldrum,<br>Statutory Agent<br>180 East Broad Street<br>Columbus, Ohio 43215;<br><br>OHIOHEALTH CORPORATION<br>Serve On: Terri W. Meldrum,<br>Statutory Agent<br>180 East Broad Street<br>Columbus, Ohio 43215; and | CASE NO.: 19-3613<br><br>JUDGE:<br><br>**COMPLAINT WITH ATTACHED AFFIDAVIT OF MERIT**<br><br>(Jury Demand Endorsed Hereon) |

EDWARD ZARCZYNSKI, M.D. )
770 Balgreen Drive )
Suite 207 )
Mansfield, Ohio 44906, )
                                                    )
        Defendants. )

## PARTIES AND JURISDICTION

1. This is a medical negligence case concerning a doctor's failure to properly monitor a baby's fetal development and a subsequent failure by the doctor and hospital staff to intervene during labor and delivery, both of which were ultimately discovered to have caused the child to suffer some type of brain injury.

2. Plaintiff Lyndsey Wojcehowicz is the mother and natural guardian of her minor son, S.W.

3. Plaintiff Jeffrey Wojcehowicz is the father of his minor son, S. W.

4. At all times relevant, Defendant Edward Zarczynski, M.D. (hereinafter "Dr. Zarczynski") was a physician licensed to practice medicine in the State of Ohio. As a licensed physician, Dr. Zarczynski had a duty to provide prudent, safe, reasonable, and competent medical care to Plaintiffs herein within the accepted standards of care.

5. At all times relevant, Defendant MedCentral Health System, d/b/a OhioHealth Mansfield Hospital, ("MedCentral") was a hospital licensed by the State of Ohio to provide medical care to patients through its physicians, resident physicians, nurses, employees, actual and/or apparent agents, servants, and/or other lawful representatives, including but not limited to Dr. Zarczynski, and in so doing had a duty to provide prudent, safe, reasonable, and competent medical care to Plaintiffs herein as to meet accepted standards of practice. OhioHealth Mansfield Hospital is located at 333 Glessner Avenue, Mansfield, Ohio 44903, and is vicariously liable or otherwise legally

2

responsible for any and all negligent or otherwise wrongful conduct of its employees, actual and/or apparent agents, servants and/or other lawful representatives as set forth in this Complaint.

6. At all times relevant, Defendant OhioHealth Corporation (hereinafter "OhioHealth" and collectively with MedCentral, "MedCentral/OhioHealth") was the parent corporation of MedCentral and was therefore vicariously liable or otherwise legally responsible for any and all negligent or otherwise wrongful conduct of MedCentral's employees, actual and/or apparent agents, and/or other lawful representatives, including but not limited Dr. Zarczynski, as set forth in this Complaint.

7. At all times relevant, Third Street Community Clinic, Inc. (hereinafter "Third Street") was a corporation or other entity licensed to provide medical care by the State of Ohio to patients through its employees, actual and/or apparent agents servants and/or other lawful representatives, including but not limited to Dr. Zarczynski, and in so doing had a duty to provide prudent, safe, reasonable, and competent medical care to Plaintiffs herein as to meet accepted standards of practice. Third Street is located at 770 Balgreen Drive, Suite 207, Mansfield, Ohio 44906, and is vicariously liable or otherwise legally responsible for any and all negligent or otherwise wrongful conduct of its employees, actual and/or apparent agents, servants and/or other lawful representatives as set forth in this Complaint.

8. At all times relevant, Third Street was purportedly designated as a Federally Qualified Health Center under 42 U.S.C. § 330. Pursuant to 42 U.S.C. §§ 233(g) and (h), the U.S. Department of Health & Human Services purportedly deemed Third Street, its employees, actual and/or apparent agents, and/or other lawful

3

representatives eligible for malpractice coverage under the Federal Torts Claims Act (hereinafter "FTCA").

9. At all times relevant, Dr. Zarczynski was, in part, an employee, actual and/or apparent agent, servant and/or other lawful representative of Third Street, working as a medical doctor in the Specialty of Obstetrics, and in so doing provided medical care and treatment to Plaintiffs Lyndsey Wojcehowicz and her minor son, S.W.

10. While Dr. Zarcynski worked within the scope of his employment or other lawful relationship at Third Street, the United States Government was vicariously liable or otherwise legally responsible to the Plaintiffs for any and all of Dr. Zarczynski's negligent or otherwise wrongful acts and/or omissions to the same extent that a private person would be.

11. On October 3, 2018, Plaintiffs timely and properly presented an administrative claim (the "Administrative Claim") to the U.S. Department of Health and Human Services ("DHHS") as required under 28 U.S. Code § 2401(b), detailing their claims against Dr. Zarcynski and Third Street as set forth more fully in this Complaint.

12. Within the two years prior to filing the Administrative Claim, Plaintiffs became aware of the medical and/or legal cause of S.W.'s injury. Plaintiffs' inability to know or understand the medical and/or legal cause of S.W.'s injury was the result of his physicians' individual and/or collective inability to reach a conclusive diagnosis as to S.W.'s condition, and/or that his condition was likely attributable to prior medical negligence. Furthermore, S.W.'s injuries remained reasonably unapparent to Plaintiffs Jeffrey and Lyndsey Wojcehowicz until S.W. aged to the point where his developmental delays could be reasonably recognized and diagnosed. Without a medical diagnosis or a reasonably apparent injury, Plaintiffs were unable to know the medical and/or legal

cause of S.W.'s condition as to reasonably identify any responsible party that had provided him past negligent or otherwise wrongful medical care. As such, Plaintiffs' claim accrued within the two years prior to their filing the Administrative Claim.

13. Additionally, the Administrative Claim was timely pursuant 28 USC 2679(d)(5), in that Plaintiffs had previously timely filed their claims in the State Court of Ohio on August 27. 2018, that lawsuit being known as *S. W., A Minor, by and through his mother, Lyndsey Wojcehowicz, parent and natural guardian, et al. v. Edward Zarczynski, M.D.*, Franklin County Court of Common Pleas Case No. 2018-CV-7259, and later *S.W., a Minor, by and through his mother Lyndsey Wojcehowicz, parent and natural guardian, et al., v Edward Zarczynski, M.D.*, et al., United States District Court for the Southern Division of Ohio Eastern Division, Case No. 2:19-cv-75 (The "Initial Lawsuit"), and then presented the Administrative Claim prior to the dismissal of the Initial Lawsuit. The Initial Lawsuit was voluntarily dismissed on March 22, 2019 to allow DHHS determination of the Administrative Claim.

14. On April 4, 2019 the DHHS denied Plaintiffs' Administrative Claim related to the allegations contained herein. Plaintiffs therefore file this Complaint within 6 months of the denial in accordance with 28 U.C.S. § 2401(b).

15. Alternatively, in the event one or more Defendants herein assert the Administrative Claim as untimely pursuant to 28 U.S. Code § 2401(b), the Administrative Claim was still timely and properly presented as Plaintiffs' right to bring the Administrative Claim was equitably tolled as the result of their having been prevented from filing their claim in a timely manner due to sufficiently inequitable circumstances, in that Defendants obscured and/or misled Plaintiffs regarding their cause of action related to one or more Defendants status as a Federal Qualified Health

Center or employee/agent covered under the FTCA, and/or Plaintiffs were extraordinarily or unreasonably prevented from properly asserting their rights or timely, but mistakenly did so in a wrong forum via their filing the Initial Lawsuit.

16. Plaintiffs' right to present the Administrative Claim was further equitably tolled due to extraordinary and inequitable circumstances, including but not limited to, their previous diligent and reasonable pursuit, investigation and preparation of their claims, as well as their previous diligent and reasonable inquiry and investigation to determine whether one or more Defendants was a Federal Qualified Health Center or employee/agent covered under the FTCA. Plaintiffs were additionally precluded and/or misled from reasonably discovering that one or more Defendants was a Federal Qualified Health Center or employee/agent covered under the FTCA such that the time to bring their Administrative Claim was equitably tolled.

17. This lawsuit is an action for medical negligence brought, in part, pursuant to and in compliance of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1) and 2671, et seq., which place subject matter jurisdiction of tort claims against the United States Government in the Federal District Court.

18. This lawsuit is commenced and prosecuted, in part, against the United States Government pursuant to and in compliance with Title 28 U.S.C. §§ 2671 – 2680, commonly referred to as the FTCA. The liability of the United States Government is predicated upon 28 U.S.C. §§ 1346(b)(1) and 2674 because the injuries sustained by the Plaintiffs and the resulting damages, about which this Complaint is made, were proximately caused by the negligent departures from the standard of care, wrongful acts and/or omissions of health care providers employed by a federally funded community health clinic.

19. This Court has original jurisdiction over the United States because Dr. Zarczynski is/was an employee, actual and/or apparent agent, and/or other lawful representative of Third Street and, therefore, the United States Government. Under 28 U.C.S. § 1346(b)(1), the District Court has original jurisdiction over civil claims filed against United States pursuant to the FTCA.

20. This Court has supplemental jurisdiction over MedCentral/OhioHealth because the state law claims against them and the United States Government concern some of the same core factual issues—the negligent care and treatment rendered to S.W. during his labor and delivery that was, in part, ultimately discovered to have caused his brain injury. Under 28 U.S.C. § 1367(a), the District Court has supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that form part of the same case or controversy.

21. Venue is proper in this District as the events giving rise to this claim took place within the District.

## COUNT I - MEDICAL NEGLIGENCE

22. Plaintiffs restate by reference the allegations set forth in Paragraphs 1 – 21 of this Complaint as though fully rewritten herein.

23. Plaintiff Lyndsey Wojcehowicz began prenatal care for her pregnancy with her son, S.W., at Third Street on or about July 1, 2015. Dr. Zarcynski, as her treating physician, had a duty to treat Lyndsey Wojcehowicz and her unborn son safely, competently and within applicable standards of reasonable medical care.

24. During the course of Lyndsey Wojcehowicz's prenatal care, Dr. Zarcynski negligently violated the standard of care by failing to properly monitor/manage her blood pressure, failing to perform adequate antenatal testing, including biophysical

profiles, and ultimately in failing to refer her to a Maternal Fetal Medicine Specialist to properly and safely monitor and manage her pregnancy.

25. Plaintiff Lyndsey Wojcehowicz subsequently went to MedCentral in Mansfield on or about December 23, 2015 to deliver her son. In addition to the duties owed by Dr. Zarcynski, the physicians, nurses, employees, real and/or apparent agents, and/or other lawful representatives of MedCentral/OhioHealth also had a duty to render safe and reasonable care, supervision and/or treatment that met accepted standards of practice.

26. During the course of Lyndsey Wojcehowicz's labor, her son experienced abnormal and concerning heart rate changes, including prolonged decelerations, late decelerations, variable decelerations, and poor variability - all of which were suggestive of fetal hypoxia (insufficient oxygenation). Dr. Zarczynski and the MedCentral/OhioHealth physicians, nurses, employees, real and/or apparent agents, and/or other lawful representatives negligently failed to take safe and reasonable measures to correct S.W.'s ongoing hypoxia as shown in the fetal heart patterns, and continued the labor induction despite that S.W. was at risk of serious, permanent and life-threatening injury. Dr. Zarczynski and/or the MedCentral/OhioHealth physicians, nurses, employees, real and/or apparent agents, and/or other lawful representatives further negligently violated the standard of care by failing to properly monitor and manage the labor, and specifically in individually and/or collectively failing to change the plan of care to timely perform a cesarean section in the face of S.W. suffering fetal distress, fetal heart rate decelerations, and other non-reassuring signs that the continued labor was putting him at risk of severe injury. Dr. Zarczynski and/or the MedCentral/OhioHealth physicians, nurses, employees, real and/or apparent agents,

8

and/or other lawful representatives also violated the standard of care by negligently failing to timely and properly communicate with each other regarding the known complications that were occurring during Lyndsey Wojcehowicz's labor, including their multiple negligent failures to provide proper notifications and/or responses related to the concerning changes in S.W.'s fetal heart rate and other signs that he was continuing to suffer hypoxia that placed him at risk of serious injury.

27. In addition to negligently failing to timely and properly communicate with Dr. Zarcynski regarding the labor complications, S.W.'s fetal distress and other non-reassuring findings, the MedCentral/OhioHealth physicians, nurses, employees, real and/or apparent agents, and/or other lawful representatives also violated the standard of care by negligently failing to timely and properly communicate such information to other physicians and/or appropriate medical professionals who, alternatively, could and would have timely and properly responded to evaluate and provide safe, reasonable and competent supervision and care to Plaintiff Lyndsey Wojcehowicz and S.W., and more specifically negligently failed to adhere to proper hospital policies, procedures, and protocols to give notice to and obtain the response of appropriate alternative medical professionals, such policies and procedures also being known as the "chain of command", when Dr. Zarcynski failed to timely and properly respond to notifications of concern about S.W. during the labor.

28. On or about December 23, 2015, S.W. was born at OhioHealth Mansfield Hospital via urgent/emergent Cesarean section.

29. As a direct and proximate result of Defendants' individual and/or collective negligence as set forth in Count I herein, minor Plaintiff, S.W., suffered severe, permanent injury and disability, as well as mental and physical pain and

suffering, and loss of enjoyment of life. He has incurred significant expenses for past medical care and will require continuous care and costs throughout his lifetime, and has suffered a permanent loss of earnings and earning capacity.

30. As the direct and proximate result of Defendants individual and/or collective negligence as set forth in this Count I herein, Plaintiffs Lyndsey and Jeffrey Wojcehowicz have incurred medical expenses and will continue to incur future medical expenses for the care of their son, S.W., for the indefinite future.

## COUNT II - INFORMED CONSENT

31. Plaintiffs restate by reference the allegations set forth in Paragraphs 1 – 30 of this Complaint as though fully rewritten herein.

32. Dr. Zarczynski and the MedCentral/OhioHealth physicians, nurses, employees, real and/or apparent agents, and/or other lawful representatives further negligently failed to inform Lyndsey Wojcehowicz regarding the reasonably understood complications, risks and benefits of the continued plan for vaginal delivery as compared to the need and/or option for a different plan of care, namely either an urgent or emergent Cesarean section and/or a much earlier induction. Thereafter, the known risks and dangers associated with continued plan for vaginal delivery as opposed to performing a proper and timely Cesarean section actually materialized and resulted in S.W. being born in a depressed, critical condition.

33. As a reasonable person, had Plaintiff Lyndsey Wojcehowicz received adequate informed consent, she would have been provided and proceeded with either an earlier induction or the option for an emergency or urgent Cesarean section earlier than when it was in fact performed. Ultimately, the material risks and dangers of the

continued plan for vaginal delivery proximately caused the Plaintiffs' injuries and damages for which Defendants are liable.

34. As the direct and proximate result of Defendants individual and/or collective negligent failure to provide proper informed consent as set forth in this Count II herein, S.W. suffered personal injuries and damages, including past and future medical and other expenses, total loss of income and earning capacity, mental and physical pain and suffering, loss of enjoyment of life, disability, as well as other injuries and damages that may be recoverable under the law.

35. As the direct and proximate result of Defendants individual and/or collective negligent failure to provide proper informed consent as set forth in this Count II herein, Plaintiffs Lyndsey and Jeffrey Wojcehowicz have incurred medical expenses and will continue to incur future medical expenses for the care of their son, S.W., for the indefinite future.

## **COUNT III - INSTITUTIONAL NEGLIGENCE**

36. Plaintiffs restate by reference the allegations set forth in Paragraphs 1 – 35 of this Complaint as though fully rewritten herein.

37. MedCentral/OhioHealth owed an independent duty of care to Plaintiffs to exercise reasonable care in the granting and renewal of staff privileges, employment and/or other lawful work relationships so as to permit only competent, appropriately educated physicians, nurses, and/or other medical professionals to use its facility and treat patients at its facility. MedCentral/OhioHealth also owed an independent duty of care to Plaintiffs to ensure that all of its physicians, nurses, and/or other medical professionals were adequately trained, educated and/or supervised on the appropriate and proper response to concerns for the well being of a laboring mom and her unborn

baby, including the standards and expectations for appropriate communication and response between and among any and all medical professionals that were involved with such patients at or around the time of the events set forth in this Complaint. Upon information and belief, MedCentral/OhioHealth negligently failed to exercise reasonable care in granting and/or renewing staff privileges, employment and/or a work relationship to certain physicians, nurses and/or other medical professionals, including but not limited to Dr. Zarczynski, and also negligently failed to ensure that Dr. Zarczynski and certain physicians, nurses and/or other medical professionals were adequately trained, educated and/or supervised in the appropriate response to concerns for the well being of a laboring mom and her unborn baby, as well as the standards for appropriate communication and response between and among medical professionals as to such patients.

38. MedCentral/OhioHealth further owed an independent duty of care to Plaintiffs to exercise reasonable care in the periodic monitoring and review of the competency of its physicians, nurses, and/or other medical professionals who were supervising, monitoring and/or providing care to laboring moms and unborn babies at its facility to ensure that such personnel appropriately and properly responded to patient complications and concerns, and that there was appropriate communication and response between and among any and all medical professionals that were involved with such patients. Upon information and belief, MedCentral/OhioHealth negligently failed ensure that its physicians, nurses, and/or other medical professionals were adequately trained, educated, supervised and monitored with respect to supervision and care of laboring moms and unborn babies at its facility, especially as to handling of complications and/or concerns, and also negligently failed to ensure that there was

appropriate communication and response between and among any and all medical professionals that were involved with such patients.

39. MedCentral/OhioHealth further owed an independent duty of care to Plaintiffs to exercise reasonable care to adopt policies and procedures for the healthcare provided to their patients, and specifically related to the supervision and care provide to laboring mothers and unborn babies, as well as the standards for appropriate communication and response between and among any and all medical professionals that were involved with such patients. Upon information and belief, MedCentral/OhioHealth negligently failed to adopt and/or follow prudent policies and procedures regarding supervision and care of observed complications in laboring mothers and unborn babies, as well as standards for appropriate communication and response between and among any and all medical professionals that were involved with such patients.

40. As the direct and proximate result of MedCentral/OhioHealth's negligent or otherwise wrongful failures as set forth in this Count III herein, S.W. suffered personal injuries and damages, including past and future medical and other expenses, total loss of income and earning capacity, mental and physical pain and suffering, loss of enjoyment of life, disability, as well as other injuries and damages that may be recoverable under the law.

41. As the direct and proximate result of MedCentral/OhioHealth's negligent or otherwise wrongful failures as set forth in this Count III herein, Plaintiffs Lyndsey and Jeffrey Wojcehowicz have incurred medical expenses and will continue to incur future medical expenses for the care of their son, S.W., for the indefinite future.

## COUNT IV - LOSS OF SERVICES AND CONSORTIUM

42. Plaintiffs restate by reference the allegations set forth in Paragraphs 1 – 41 of this Complaint as though fully rewritten herein.

43. As a direct and proximate result of the aforementioned individual and/or collective negligence, wrongful conduct, and the injuries and damages that S.W. suffered therefrom, all of which are more fully set forth in the previous Counts I – III herein, S.W.'s parents, Plaintiffs Lyndsey and Jeffrey Wojcehowicz, suffered injury, including emotional distress, and the permanent loss of relationship, services, love, solace, affection and consortium of their son, S.W.

WHEREFORE, Plaintiffs request judgment upon each and every of Counts I – IV of this Complaint and award damages of at least Twenty Million Dollars ($20,000,000.00), plus any such damages and/or relief that this Court deems appropriate and equitable.

Respectfully submitted,

**The Becker Law Firm, LPA**

 /s/ Michael F. Becker
Michael F. Becker (0008298)
David W. Skall (0068740)
134 Middle Avenue
Elyria, Ohio 44035
Ph: (440) 323-7070
Fax: (440) 323-1879
mbecker@beckerlawlpa.com
dskall@beckerlawlpa.com
*Counsel for Plaintiffs*

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), trial by jury is hereby demanded on all issues.

                                                                                   */s/ Michael F. Becker*
                                                                                   Michael F. Becker
                                                                                   *Counsel for Plaintiffs*

IN THE COURT OF COMMON PLEAS

FRANKLIN COUNTY, OHIO

| | | |
|---|---|---|
| SPENCER WOJCEHOWICZ, et al., | ) ) ) ) | CASE No. |
| | ) | JUDGE |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **AFFIDAVIT OF MERIT OF MICHAEL S. CARDWELL, M.D.** |
| | ) ) | |
| EDWARD ZARCZYNSKI, M.D., et al., | ) ) ) ) | |
| Defendants. | ) ) | |

Michael S. Cardwell, M.D., being first duly sworn according to law and competent to testify as to the matter stated herein, says:

1. I am board certified in Obstetrics and Gynecology. I am licensed to practice medicine in the State of Ohio.

2. I devote at least one-half (50%) of my professional time to the active clinical practice of medicine or to the instruction of the same in an accredited institution.

3. I am familiar with the applicable standards of care for obstetricians and other healthcare providers managing pregnant patients for pregnancy, labor and delivery in 2015.

4. Based upon my review of the medical records reasonably available to Plaintiffs at this time, it is my professional opinion that the applicable

standards of care were breached by Edward Zarczynski, M.D., and employees, agents/servants and/or apparent agents/servants of MedCentral Health System, and those breaches were a cause of injury to Spencer Wojcehowicz.

5. Further affiant sayeth naught.

Michael S. Cardwell, M.D.

Sworn to before me and subscribed to in my presence this _11_ day of _August_, 2018.

Heather Anne Davis
Notary Public



Heather Anne Davis
Notary Public
In and For the State of Ohio
Recorded in Summit County
My Commission Expires
06 March 2023