UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------------

S.W., *a minor, by and through his mother*, :
LYNDSEY WOJCEHOWICZ, *et al.*, : Case No. 1:19-cv-2947
       Plaintiffs, :
 :
vs. : OPINION & ORDER
 : [Resolving Doc. 36]
UNITED STATES OF AMERICA, *et al.*, :
       Defendants. :

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiffs Lyndsey and Jeffrey Wojcehowecz have a child diagnosed with cerebral palsy. With this lawsuit, Plaintiffs sue the clinic where Ms. Wojcehowecz received prenatal care, the hospital where their child was delivered, and the delivering doctor. They claim medical negligence caused significant disability to their child.[1] The United States, representing only the clinic and delivering doctor, moves to dismiss the claim as untimely.[2]

For the reasons stated below, the Court **DENIES** the United States's motion to dismiss.

## I.    Background

The following facts alleged in Plaintiffs' complaint are taken as true for the purposes of this motion.[3]

---

[1] Doc. 31
[2] Doc. 36. Third street is a federally qualified health center. Under the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233, Third Street employees, including Defendant Dr. Zarczynski, are federal employees and have medical negligence liability coverage under the Federal Tort Claims Act (FCTA), 28 U.S.C. §§ 1346(b).
[3] The Court takes as true all well pleaded factual allegations when deciding a Rule 12(b)(6) motion to dismiss, and nothing in this factual background section should be construed as the Court's findings of fact.

Case No. 1:19-cv-2947
Gwin, J.

Plaintiff Lyndsey Wojcehowicz received prenatal care at Third Street Community Clinic ("Third Street"), a federally funded institution.[4] On December 23, 2015, Ms. Wojcehowecz faced complications and was transferred to Defendant OhioHealth Corporation's Mansfield Hospital (Defendant "MedCentral").[5] At MedCentral hospital, medical staff induced her labor and Defendant Edward Zarczynski, M.D., performed a cesarean section.[6] Ms. Wojcehowecz gave birth to her son, Plaintiff S.W.[7] During the delivery, S.W.'s umbilical cord was wrapped around his body.[8]

After birth, a "pediatrician diagnosed S.W. as small for his gestational age, with respiratory distress and possible sepsis or infection."[9] Dr. Zarczynski reassured the Wojcehowiczs that S.W.'s condition would resolve itself.[10]

Physicians transferred S.W. to different medical centers where his conditions did not improve. Instead, S.W. faced further complications, including breathing trouble and a brain hemorrhage.[11] The caring physicians pointed to natural causes for S.W.'s "unusual" condition.[12] Some of S.W.'s medical tests revealed that S.W. suffered "asphyxia," or oxygen deprivation, during labor and delivery.[13]

---

[4] Doc. 31 at ¶¶ 24-25.
[5] *Id.* at ¶¶ 5-6.
[6] *Id.* at ¶¶ 27-28.
[7] *Id.* at ¶ 29.
[8] *Id.*
[9] *Id.* at ¶ 30.
[10] *Id.* at ¶ 31.
[11] *Id.* at ¶¶ 33-38.
[12] *Id.* at ¶ 37.
[13] *Id.* at ¶ 39.

Case No. 1:19-cv-2947
Gwin, J.

After S.W. was discharged, the Wojcehowiczs attended multiple appointments with different medical professionals, including a geneticist, regarding their son's injuries. Plaintiffs allege that these professionals never linked S.W.'s injuries to his delivery.[14]

On January 20, 2016, the Wojcehowiczs sought legal advice from their current attorneys who informed the Wojcehowiczs that they would investigate a medical negligence claim if the parents presented evidence of a possible physician-related cause for S.W.'s injuries.[15] The Wojcehowiczs did not have such evidence at the time.[16]

On October 18, 2016, about 10 months after birth, a doctor diagnosed S.W. with cerebral palsy and informed the Wojcehowiczs that S.W.'s condition may be a result of his treatment during labor and delivery.[17]

On August 27, 2018, Plaintiffs sued Dr. Zarczynski, Third Street, MedCentral, and OhioHealth in state court.[18] Plaintiffs learned of Third Street's potential federal status while the state action was pending, and, on October 3, 2018, the Plaintiffs brought their administrative claims to the Department of Health and Human Services.[19]

On January 8, 2019, the United States removed the case to the District Court for the Southern District of Ohio and substituted itself for Defendants Zarczynski and Third

---

[14] *Id.* at ¶ 40.
[15] Plaintiffs allege they sought out legal advice shortly after their son's birth but omit the exact date. *Id.* at ¶ 43. The exact date the Plaintiffs retained counsel is indicated on Exhibit D of Defendant's original motion to dismiss. Doc. 14-4. As the United States correctly argues, the Court can consider documents incorporated into the Complaint which indicate the date the Plaintiffs retained counsel if the plaintiffs repeatedly refer to the documents and they are central to its claims. *Bassett v. Nat'l Collegiate Athletic Ass'n, 528 F.3d 426, 430 (6th Cir. 2008)*. The Complaint refers to the contract between Plaintiffs and attorneys signed on January 20, 2019. Doc. 31.
[16] Doc. 31 at ¶ 40.
[17] *Id.* at ¶ 43.
[18] *Id.* at ¶ 12.
[19] *Id.* ¶¶ 11-12; Doc. 49 at 1; Doc. 31.

-3-

Case No. 1:19-cv-2947
Gwin, J.

Street.[20] On March 22, 2019, the Parties agreed that the case could be dismissed without prejudice to allow Plaintiffs to exhaust administrative remedies.[21]

On April 4, 2019, Department of Health and Human Services denied Plaintiffs' administrative claims.[22]

On August 19, 2019, Plaintiffs filed the instant action in the district court for the Southern District of Ohio.[23] On December 18, 2019, the Parties jointly moved to change venue and the case was transferred to this Court.[24]

On March 3, 2020, the United States moved to dismiss Plaintiffs' amended complaint as time-barred.[25] The Plaintiffs oppose.[26]

## II. Discussion

The United States argues that the Federal Tort Claim Act's statute of limitations bars Plaintiffs' claim.[27] The Federal Tort Claim Act provides a limited waiver of the United States's sovereign immunity.[28] It requires that a plaintiff present an administrative claim to the proper federal agency before filing a lawsuit against the United States.[29] If the

---

[20] *S.W., a minor, by and through his mother Lyndsey Wojcehowicz v. United States*, No. 2:19-cv-00075 (S.D. Ohio Jan. 8, 2019), Doc. 2.
[21] *S.W., a minor, by and through his mother Lyndsey Wojcehowicz v. United States*, No. 2:19-cv-00075 (S.D. Ohio Mar. 22, 2019) Doc. 9.
[22] Doc. 31 at ¶ 11.
[23] Doc. 1.
[24] Doc. 18.
[25] Doc. 36; *see also* Federal Rule of Civil Procedure 12(b)(6).
[26] Doc. 49. The United States replied. Doc. 50.
[27] Doc. 36.
[28] *Kennedy v. U.S. Veterans Admin.*, 526 F. App'x 450, 453 (6th Cir. 2013).
[29] 28 U.S.C. § 2401(b).

Case No. 1:19-cv-2947
Gwin, J.

administrative claim is not presented within two years of the time the claim becomes actionable or "accrues," then the claim is "forever barred."[30]

A tort claim generally accrues on the date of injury. But in medical malpractice cases, a claim accrues when the complainant knows of a) the injury and b) the injury's cause.[31]

Here, Plaintiffs' injury occurred at or around the December 23, 2015, birth.[32] The Parties disagree, however, about when the Plaintiffs knew of the injury's cause.

The United States argues that Plaintiffs' claims accrued when Plaintiffs met with legal counsel on January 20, 2016.[33] Plaintiffs respond their claim accrued on October 18, 2016 when they learned of S.W.'s cerebral palsy diagnosis, bringing their claim within the statute of limitation period.[34]

In medical malpractice cases, once a plaintiff actually knows, or has reason to know, of doctor-caused harm, the claim accrues.[35] This determination is "fact-intensive" and requires courts to analyze whether the plaintiff's circumstances alerted him to possibility of a treatment-related cause for his injuries.[36] But this standard does not require

---

[30] *Id.*
[31] *Amburgey v. United States*, 733 F.3d 633, 636 (6th Cir. 2013) (quoting *United States v. Kubrick*, 444 U.S. 111, 113 (1979)).
[32] Doc. 36 at 9; Doc. 49 at 7-8.
[33] *Id.* at 10.
[34] Doc. 49 at 9. Plaintiffs also argue that the statute of limitations should be equitably tolled and that application of the statute of limitations here violates the Due Process Clause of the Fifth Amendment to the United States Constitution. *Id.* at 12, 19. But because Plaintiffs have brought their claim within the statute of limitations, the Court does not address these arguments.
[35] *See Hertz v. U.S.*, 560 F.3d 616, 619 (6th Cir. 2009).
[36] *Amburgey a*t 638-639 (6th Cir. 2013).

-5-

Case No. 1:19-cv-2947
Gwin, J.

a plaintiff to become aware that his injury was negligently caused; only that a medical provider's treatment was one potential cause.[37]

The United States argues that the Plaintiffs suspected a physician-related cause shortly after Ms. Wojcehowicz's labor and delivery, reflected in the fact that they sought out legal counsel.[38] But the legal standard focuses on when a plaintiff "knows" or has "reason to know" of a potential physician-related cause, not when the plaintiff seeks legal advice.

The Plaintiffs were not alerted to any physician-related cause for S.W.'s injuries until a doctor first diagnosed their son with cerebral palsy in October 2016.[39] Prior to this appointment, Plaintiffs only suspected causes for S.W.'s conditions.[40]

Accordingly, the Plaintiffs' claim accrued on October 18, 2016, the first time any doctor informed the Plaintiffs their son's cerebral palsy may be connected to Ms. Wojcehowicz's labor and delivery. They had two years from that date to file an administrative claim, which they did on October 3, 2018. Their claim is not barred by the Federal Tort Claim Act's two-year statute of limitations.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's motion to dismiss.

IT IS SO ORDERED.

---

[37] *United States v. Kubrick*, 444 U.S. 111, 123 (1979).
[38] *Id.* at 123 ("A plaintiff . . . armed with the facts about the harm done to him, can protect himself by seeking advice in the medical and legal community."); Doc. 36 at 10.
[39] Doc. 31 at ¶ 42.
[40] *Id.* at ¶¶ 37, 40.

Case No. 1:19-cv-2947
Gwin, J.

Dated: August 11, 2020                    *s/      James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE