UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF OHIO

------------------------------------------------------------

| | |
|---|---|
| S.W., *a minor, by and through his mother,* LYNDSEY WOJCEHOWICZ, *et al.*, | : <br> : <br> : <br> : Case No. 1:19-cv-2947 <br> Plaintiffs, : <br> vs. : OPINION & ORDER <br> : [Resolving Doc. 80] <br> United States of America, *et al.*, : <br> : <br> Defendants. : |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this Federal Tort Claims Act medical malpractice case, the Court originally set a September 21, 2020 expert identification date in advance of a June 7, 2021 trial.[1] Before the deadline, Plaintiffs produced several liability expert reports but omitted any damages expert reports.[2]

On March 21, 2021, Plaintiffs notified Defendants that they would identify damages experts and produce accompanying reports.[3] Plaintiffs served Defendants with the new damages experts' reports on April 14, 2021.[4] Because these expert reports came months after the Court's original expert identification deadline, Defendants have now moved to preclude the damages experts from testifying at trial.[5] Plaintiffs oppose, and Defendants reply.[6]

---

[1] Doc. 44; Doc. 45.
[2] Doc. 58.
[3] Doc. 80.
[4] Doc. 81.
[5] Doc. 80.
[6] Doc. 82; Doc. 83.

Case No. 1:19-cv-2947
Gwin, J.

Federal Rule of Civil Procedure 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness" in later proceedings "unless the failure was substantially justified or harmless."

The Sixth Circuit employs a five-factor test to determine whether an error was "substantially justified or harmless":

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.[7]

The Court finds that Plaintiffs' failure to timely identify the damages experts was harmless under at least four of the *Howe* factors. On the parties' joint motion, the trial has been continued to September 6, 2021.[8] Defendants were served with the relevant expert reports on April 14, 2021,[9] well in advance of the 90-day pre-trial expert report deadline imposed by Federal Rule of Civil Procedure 26(a)(2)(D)(i). Further, Defendants will have ample time to depose Plaintiffs' damages experts and prepare any rebuttal reports in time for the 30-day pre-trial rebuttal deadline imposed by Rule 26(a)(2)(D)(ii).

Accordingly, there is little risk of unfair surprise or trial disruption. Further, the expert damages testimony will play a key role in Plaintiffs' case, as damages are an important and hotly contested issue in virtually every medical malpractice case. Excluding such testimony entirely would be deeply prejudicial to Plaintiffs.

---

[7] *Howe v. City of Akron*, 801 F.3d 718, 747–48 (6th Cir. 2015).
[8] Doc. 84.
[9] Doc. 81.

Case No. 1:19-cv-2947
Gwin, J.

For these reasons, the Court **DENIES** Defendants' motion to preclude Plaintiffs' damages experts' testimony. The Court orders Plaintiffs to make the damages experts available for deposition by June 30, 2021. The Court further orders Defendants to submit any rebuttal reports by August 1, 2021.

IT IS SO ORDERED

Dated: May 3, 2021          *s/ James S. Gwin*
                                         JAMES S. GWIN
                                         UNITED STATES DISTRICT JUDGE